(No. 2033— )

ALVA E. VAIL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed October 9, 1934.*
*Rehearing denied November 13, 1934.*

BARR & BARR, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

This claim was filed in this court on December 23, 1932. Plaintiff alleges that on September 19, 1929, he was injured while employed as a carpenter by the State of Illinois in the

Division of Waterways of the Department of Purchases and Construction, in connection with the construction of a dam near Joliet. That such injury occurred while he was cutting down a wooden form that had been constructed for the pouring of concrete, by falling a distance of about twelve feet, striking his right heel on a V-bolt and thereby sustaining a fracture of the heel bone. It is admitted that the injury sustained arose out of and in the course of his employment.

Plaintiff claims relief by virtue of the provisions of the Illinois Waterway Act, Cahill's Illinois Revised Statutes, 1933, Chap. 19, and by the provisions of the Workmen's Compensation Act, in the amount of Five Thousand Dollars ($5,000.00).

The Attorney General has filed his motion to dismiss the claim for the reason that no claim for compensation is shown to have been made within six months after the accident in question, and for the further reason that the application for compensation was not filed within one year of the date of the injury or after the last payment of compensation, as required by Section 24 of the Workmen's Compensation Act. The plaintiff in his reply brief contends that the claim is filed for compensation under Section 25 of "An Act in relation to the constructing, operation and maintenance of a deep waterway from the power plant of the Sanitary District of the City of Chicago at or near Lockport, to a point in the Illinois River at or near Utica, and for the development and utilization of the water power thereof," approved June 17, 1919, Laws of 1919, page 977; further that sub-section 6 of Section 6 of the Act creating the Court of Claims, which is as follows:

"To hear and determine the liability of the State for accidental injuries or death suffered in the course of employment by any employee of the State, such determination to be made in accordance with the rules prescribed in the Act commonly called the 'Workmen's Compensation Act', the Industrial Commission being hereby relieved of any duty relative thereto",

does not adopt the provisions of the Workmen's Compensation Act and that Section 10 of the Court of Claims Act providing a limitation period of five years within which to file claims applies to compensation claims by employees, notwithstanding the limitations contained in Section 24 of the Workmen's Compensation Act.

The plaintiff further contends that regardless of whether the above contention is maintainable, that the limitations of

Section 24 of the Workmen's Compensation Act should not be held applicable to this claim, inasmuch as such claim arises out of and is filed under the provisions of Section 25 of the Illinois Waterway Act, which section provides as follows:

"In case the Department of Public Works and Buildings shall construct such waterway or its appurtenances, or any part or parts thereof by the direct employment of services, labor, materials and equipment, the State shall be liable for accidental injuries or death suffered by any employee arising out of and in the course of his employment, the amount of such liability to be ascertained by reference to the provisions of the Act commonly called the 'Workmen's Compensation Act'. The Court of Claims shall have and exercise jurisdiction over all claims for compensation hereunder, and shall make and file its finding and determination in each case."

Plaintiff contends that the Legislature has seen fit, by the foregoing, to provide that the Workmen's Compensation Act shall be referred to by the Court of Claims only for the purpose of ascertaining the amount of the award.

Claimant further contends that regardless of the construction of these sections, an award should be made in this case under the rule of equity and good conscience. This contention and the first contention (that the limitation requirements in Section 24 of the Workmen's Compensation Act do not apply to claims made by employees of the State, as determined in this court), are fully dealt with in the case of *Crabtree* vs. *State of Illinois*, 7 C. C. R. 207, wherein it is held that the requirements of Section 24 of the Workmen's Compensation Act relative to claims for compensation by employees of the State, and the time within which notices must be given and application must be filed, are conditions precedent to the right of recovery under that Act. Further,

"The Act discloses no intention to create against the State a new and heretofore unrecognized class of liabilities, but only an intention to provide a judicial tribunal where well recognized, existing liabilities can be adjudicated; that the jurisdiction of this court is limited to claims in respect of which the claimant would be entitled to redress against the State either in law or in equity, if the State were suable; that unless the claimant can bring himself within the provisions of a law, giving him the right to an award, he can not invoke the principle of equity and good conscience to secure such an award."

We reaffirm the ruling announced in the Crabtree case, as applicable to this case.

The court cannot concur in the further contention of plaintiff that the limitations of Section 24 of the Workmen's

Compensation Act do not apply to this claim by reason of the fact that claimant was employed in the construction of the Illinois Waterway system and that by the terms of the later Act (Section 25, Paragraph 115, Chap. 19, Cahill's Illinois Revised Statutes, 1933), that the Workmen's Compensation Act shall be referred to by the Court of Claims *only* for the purpose of ascertaining the amount of the award.

The Illinois Waterway Act was passed, and approved June 17, 1919. Prior to the time of its passage the Legislature had already provided for the hearing of all claims by this court against the State of Illinois. By Section 23 of the Waterway Act, the liability of the State for damages to real estate or personal property by reason of the construction, maintenance or operation of the Illinois Waterway and its appurtenances was made specific. By Section 24 all claims for damages to property or persons other than employees of the State were made determinable by the Department of Public Works and Buildings. It was apparently the desire of the Legislature to make clear its intention that claims for damages by employees engaged in the waterway project should be left in the forum of this court for determination. It is provided in said Section 25, that

"The Court of Claims shall have and exercise jurisdiction over all claims for compensation hereunder."

There is nothing contained in the wording of said section or any where in the Waterway Act which indicates that the court in exercising such jurisdiction should give to employees of the Illinois Waterway any different consideration in regard to the requirements of notice and filing claim and other provisions of the Workmen's Compensation Act than those applied to all other employees.

There is no conflict between the Court of Claims Act, the Workmen's Compensation Act and the Waterway Act, and the only question is as to whether there is any wording contained in said Section 25 of the Waterway Act which would indicate that a different rule should be applied by the Court of Claims in passing upon claims for compensation made thereunder than is applied to other claims.

The legislative Act by which this court exists, provides that

"The Court of Claims shall hear and determine the liability of the State for accidental injuries or death * * * by *any* employee; further that such determination shall be made in accordance with the rules * * * of the Workmen's Compensation Act."

## Section 6 Court of Claims Act.

There is nothing in Section 25 of the Waterway Act that repeals, adds to or modifies this enactment. It is provided in Section 25 that,

"The amount of such liability shall be ascertained by the Court of Claims by reference to the provisions of * * * the Workmen's Compensation Act."

but one cannot read into that language any intent to repeal or modify the existing law under which the Court of Claims hears compensation cases. .

It appears from the record herein that no claim for compensation was made within six months after the accident and that no application for compensation was filed in this court within one year after such accident. Under the provisions of the Waterway Act, this court is to find the amount due the claimant. The court finds that there is no amount due, because of a failure of the injured employee to bring himself within the classification for the allowance of an award, by reason of his failure to comply with the provisions of Section 24 of the Workmen's Compensation Act.

Claim dismissed.

I dissent for the reasons set forth in the case of *Kump* vs. *State of Illinois*, No. 1881, *(ante)*.

C. N. Hollerich, Chief Justice.